UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GRAPHIC COMMUNICATIONS CONFERENCE / INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 285M, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:18-cv-727 (KBJ) |
| MCDONALD & EUDY PRINTERS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Graphic Communications Conference/International Brotherhood of Teamsters, Local Union No. 285M ("Local 285M" or "the Union") seeks to enforce a collective bargaining agreement and to compel arbitration concerning Defendant McDonald & Eudy Printers, Inc.'s ("M&E") alleged wrongful termination of the employment of one of the Union's members. (*See* Compl., ECF No. 1, at 1; *id.* ¶¶ 5, 8, 9.)[1] The Union alleges that although it initiated the grievance process, as set forth in the parties' collective bargaining agreement, M&E has refused to participate in the selection of an arbitrator, which is required for the grievance process to proceed. (*See id.* ¶¶ 11, 16, 18.) For its part, M&E has moved to dismiss the Union's complaint, on the grounds that the pleading fails to state a claim upon which relief can be granted;

---

[1] Page-number citations to the documents that the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

that *res judicata* bars the Union's claims; and that venue is improper. (*See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 6, at 1.) For the reasons explained below, this Court concludes that venue is improper in this district. Therefore, in the interest of justice, this case will be **TRANSFERRED** to the District of Maryland, where M&E resides and where the events giving rise to the Union's claims occurred.

I.

Federal Rule of Civil Procedure 12(b)(3) authorizes a party to move to dismiss a complaint on the grounds that venue is "improper[.]" Fed. R. Civ. P. 12(b)(3). Section 1406(a) of Title 28 of the United States Code similarly instructs that when a complaint establishes venue in the "wrong" district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws[.]" *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 55 (2013).

Unless "a more specific venue provision" applies, section 1391(b) of Title 28 of the United States Code governs whether venue is proper in a United States district court. *See id.* at 55 & n.2; *see also* 28 U.S.C. § 1391(a). Specifically, a plaintiff may file a complaint in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3).  Section 1391(c) elaborates on the "residency" of a defendant by clarifying that, for purposes of venue, a defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]"  28 U.S.C. § 1391(c)(2).  And with respect to complaints filed in the United States District Court for the District of Columbia, whether the federal court has personal jurisdiction over a defendant turns on the personal jurisdiction requirements of the D.C. Code.  *See Johns v. Newsmax Media, Inc.*, 887 F. Supp. 2d 90, 97–99 (D.D.C. 2012) (using District of Columbia statutory provisions to determine whether federal court could exercise personal jurisdiction over defendant).  Thus, venue is proper under the residency requirement of section 1391(b)(1) of Title 28 of the United States Code "if courts in the District of Columbia [would] have personal jurisdiction over [the defendant]."  *King v. Caliber Home Loans, Inc.*, 210 F. Supp. 3d 130, 135–36 (D.D.C. 2016).

There are three District of Columbia statutory provisions that establish personal jurisdiction over a defendant.  *See id.* at 136.  First, section 13-422 of the D.C. Code authorizes District of Columbia courts to "exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief."  D.C. Code § 13-422.  Second, pursuant to section 13-334(a), "a foreign corporation which carries on a consistent pattern of regular business activity within the jurisdiction is subject to the general jurisdiction of our courts, upon proper service, and not merely for suits arising out of its activity in the District of Columbia."  *AMAF Int'l Corp. v. Ralston Purina Co.*, 428 A.2d 849, 850 (D.C. 1981) (per curiam).  Third, and finally, the District's

3

long-arm statute, D.C. Code § 13-423, provides that "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia[.]"  D.C. Code § 13-423(a)(1).[2]  However, "[w]hen jurisdiction over a person is based solely upon [the long-arm] section, *only a claim for relief arising from acts enumerated in th[at] section* may be asserted against him."  D.C. Code § 13-423(b) (emphasis added).

"The District of Columbia courts have interpreted section 13-423(b) as a bar to claims unrelated to the acts forming the basis for personal jurisdiction."  *Willis v. Willis*, 655 F.2d 1333, 1336 (D.C. Cir. 1981); *see also Berwyn Fuel, Inc. v. Hogan*, 399 A.2d 79, 80 (D.C. 1979) (per curiam).  Thus, to establish personal jurisdiction under the long-arm statute, as one potential basis for supporting venue under 28 U.S.C. § 1391(b)(1), a plaintiff must show that the defendant "transact[s] any business in the District of Columbia" *and* that the asserted legal claims arise from such business transactions.  D.C. Code § 13-423(a)(1), (b).

II.

To resolve whether the Union has adequately established that venue is proper in this Court, "the [C]ourt must determine whether the case falls within one of the three categories set out in [28 U.S.C.] § 1391(b)."  *King*, 210 F. Supp. 3d at 135 (internal quotation marks, citation, and alteration omitted); *see also id.* at 134 ("[T]he burden

---

[2] D.C. Code § 13-423(a) lists numerous forms of connection with the District of Columbia that may grant D.C. courts personal jurisdiction over a person, but only "transacting any business in the District of Columbia" is relevant here.  D.C. Code § 13-423(a)(1)–(7); (*see also* Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n"), ECF No. 7, at 5 ("Defendant easily meets the test for personal jurisdiction for purposes of venue under the D.C. Long Arm Statute, D.C. Code § 13-423, as Defendant conducts business with customers in the District of Columbia[.]")).

4

remains on the plaintiff to prove that venue is proper when an objection is raised[.]" (internal quotation marks, citation, and alteration omitted)). The parties do not dispute that the events giving rise to Local 285M's claims—*i.e.*, the formation of the collective bargaining agreement; the work that the terminated employee performed; and the termination itself—took place exclusively in Maryland. (*See* Compl. ¶¶ 3, 5, 8; Def.'s Mot. at 7; Pl.'s Opp'n at 5.) Therefore, venue lies in the District of Maryland under section 1391(b)(2). *See* 28 U.S.C. § 1391(b)(2) (permitting action to be brought in judicial district where "a substantial part of the events or omissions giving rise to the claim occurred"). For the same reason, venue would *not* be proper in the U.S. District Court for the District of Columbia under section 1391(b)(3). *See* 28 U.S.C. § 1391(b)(3) (requiring "no district in which an action may otherwise be brought"). This means that, in order for venue to be proper in this district, the Union must establish that M&E "resides" in the District of Columbia, which would make venue proper in this district under section 1391(b)(1). *See* 28 U.S.C. § 1391(b)(1) (permitting action to be brought where "any defendant resides").

As explained above, to answer this question, this Court must determine whether it has personal jurisdiction over M&E. *See* 28 U.S.C. § 1391(c)(2) (stating that defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). For the reasons explained below, the Union has failed to establish that any of the three local statutory provisions governing personal jurisdiction in the District of Columbia applies here; thus, this Court cannot conclude that it can exercise personal jurisdiction over M&E.

First of all, the parties agree that M&E "is organized in the state of Maryland and operates in Temple Hills, Maryland," (Def.'s Mot. at 7; *see also* Compl. ¶¶ 3, 5, 8; Pl.'s Opp'n at 5), so it is beyond question that the first of the District of Columbia jurisdictional provisions discussed above does not apply, *see* D.C. Code § 13-422 (granting personal jurisdiction over entities organized under the laws of, or maintaining their principal place of business in, the District of Columbia). Second, to the extent that the Union might seek to rely on section 13-334's "consistent pattern of regular business activity" prescription, *AMAF Int'l Corp.*, 428 A.2d at 850 (citing D.C. Code § 13-334(a))—which neither party mentions in its briefing—the Union fails to support the application of that provision here. Local 285M maintains only that M&E "conducts business with customers in the District of Columbia"; that M&E "regularly conducts business with Plaintiff Local 285M, . . . which is based in the District"; and that M&E "has retained an attorney whose office also is in the District." (Pl.'s Opp'n at 5.) Without more, such allegations are plainly insufficient to establish that M&E's "contacts with the District of Columbia are so continuous and systematic as to render it essentially at home" here. *Canuto v. Mattis*, No. 16-2282, 2018 WL 3213318, at *5 (D.D.C. June 30, 2018) (internal quotation marks, citation, and alteration omitted); *see also AMAF Int'l Corp.*, 428 A.2d at 851 ("While there are no hard and fast rules as to what constitutes 'doing business,' courts here have defined it as any continuing corporate presence in the forum state directed at advancing the corporation's objectives.").

Finally, Local 285M's specific invocation of section 13-423 as the basis for its contention that this Court has personal jurisdiction over M&E (and thus that M&E

6

"resides" in the District of Columbia) is unavailing, because it is clear beyond cavil that section 13-423 does not authorize the Court to exercise personal jurisdiction over M&E *with respect to the claims at issue here*.  Section 13-423(b) plainly states that "[w]hen jurisdiction over a person is based solely upon this section, only a claim for relief *arising from acts enumerated in this section* may be asserted against him." D.C. Code § 13-423(b) (emphasis added).  And even assuming that M&E "transact[s] . . . business in the District of Columbia" for the purpose of section 13-423(a)(1), D.C. Code § 13-423(a)(1), as Local 285M alleges, the parties do not dispute that the Union's claims against M&E arise exclusively from acts that occurred *outside* of Washington, D.C.

"The limitation in § 13-423(b) that the claim for relief [itself] must arise from the transaction of business in the District of Columbia is meant to prevent the assertion of claims in the forum state that do not bear some relationship to the acts in the forum state relied upon to confer jurisdiction." *Cohane v. Arpeja-California, Inc.*, 385 A.2d 153, 158 (D.C. 1978) (internal quotation marks and citation omitted).  Yet, litigating such unrelated claims in the District of Columbia is precisely what Local 285M seeks to do here.  Accordingly, this Court concludes that there is no basis for its exercise of personal jurisdiction over M&E as to the claims the Union brings in its complaint, and the Union has therefore failed to establish that M&E "resides" in the District of Columbia for the purposes of the Court's venue analysis. 28 U.S.C. § 1391(b)(1); *see also id.* § 1391(c)(2).

### III.

Venue is improper in this judicial district because none of the provisions of section 1391 of Title 28 of the United States Code applies, as explained above.  As a

result, the Court must decide whether to dismiss Local 285M's case or transfer the matter to a district in which venue is proper. *See* 28 U.S.C. § 1406(a) (instructing courts to "dismiss, or if it be in the interest of justice, transfer" cases when venue is improper). The decision of whether or not to dismiss a case, on the one hand, or transfer it, on the other, "rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). "[T]he standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it"; however, "dismissal is appropriate when the outcome is foreordained[.]" *McCain v. Bank of America*, 13 F. Supp. 3d 45, 55 (D.D.C. 2014) (internal quotation marks and citations omitted). Here, it is not clear from the Union's complaint and M&E's motion to dismiss that the outcome of this case is "foreordained," *id.*; therefore, the Court will exercise its discretion to transfer Local 285M's case to a court in which venue would be proper, rather than dismiss it.

IV.

For all of the foregoing reasons, it is hereby

**ORDERED** that this action is **TRANSFERRED** to the District of Maryland pursuant to 28 U.S.C. § 1406(a).


DATE:  November 28, 2018                    *Ketanji Brown Jackson*
                                            KETANJI BROWN JACKSON
                                            United States District Judge