IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| GRAPHIC COMMUNICATIONS CONFERENCE/INT'L BROTHERHOOD OF TEAMSTERS LOCAL, 285M, | * * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-18-3830 |
| MCDONALD & EUDY PRINTERS, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff, a labor organization, filed suit against Defendant printing company to compel arbitration following Defendant's discharge of union employee Mike Milligen. Pending before the Court is Defendant's Motion to Dismiss,[1] which argues that the claim is barred under res judicata given a prior National Labor Relations Board ("NLRB") decision not to prosecute and that Plaintiff has not stated a claim for breach of contract because it failed to timely submit the matter to arbitration. ECF No. 20 ("Def.'s Mot."), at 2–3. Because an NLRB decision not to issue an unfair labor practices complaint does not have res judicata effect and the procedural timeliness defense raised by Defendant is one for an arbitrator to resolve, Defendant's Motion is denied.

## Background

Plaintiff and Defendant are parties to a collective bargaining agreement ("CBA"), which covers the terms and conditions of employment of the union employees at Defendant's facility,

---

[1] The motion has been fully briefed. *See* ECF Nos. 20, 21, 22. A hearing is not necessary. *See* Loc. R. 105.6.

including a provision outlining the grievance process for employee discharge disputes. ECF No.1 ("Compl."), at 2. In July 2017, employee and union member Mike Milligen was terminated following two disciplinary warnings. *Id.* As a result, Plaintiff and Mr. Milligen initiated the CBA's grievance process by filing a grievance, which Defendant denied. *Id.* at 3. Next, pursuant to the CBA's grievance process, the parties conducted a Joint Standing Committee meeting, which failed to resolve the grievance, as did subsequent communications between the parties over the following months. *Id.* Plaintiff alleges that the Defendant has since refused to participate in the grievance process and submit the matter to arbitration as required under the CBA. *Id.* at 4.

Plaintiff has brought suit to compel arbitration under the CBA pursuant to Section 301(a) of the Labor Management Relations Act, which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).[2] Defendant contends that Plaintiff's demand for arbitration was untimely and in the alternative that the suit is barred by res judicata because Plaintiff has already sought redress before the NLRB. Def.'s Mot. at 6–7.

## **Res Judicata**

The purpose of a 12(b)(6) motion is "to test the sufficiency of the complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotation marks omitted). However, res

---

[2] Plaintiff originally filed suit in the United States District Court for the District of Columbia. Compl. at 4. Finding that venue was not proper, Judge Ketanji Brown Jackson ordered the case transferred to this Court pursuant to 28 U.S.C. § 1406(a). *See* ECF No. 9.

judicata may be asserted as an affirmative defense in a motion to dismiss if it is clearly established by the allegations in the complaint. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000); *see also Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1967) (allowing res judicata to be raised in motion to dismiss where NLRB declined to issue complaint). When considering a 12(b)(6) motion, the Court "may also consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Res judicata "bars a party from suing on a claim that has already been litigated to a final judgment by that party . . . and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore et al., *Moore's Federal Practice* § 131.10(1)(a) (3d ed. 2008)) (internal quotation marks omitted).

The Supreme Court and the Fourth Circuit have long held that res judicata applies to administrative agency actions when the agency "is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 135 S. Ct. 1293, 1303 (2015) (quoting *United States v. Utah Const. & Mining Co.*, 384 U.S. 394, 422 (1966)) (internal quotation marks omitted); *see also Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991) (same); *Rosenfeld v. Dep't of Army*, 769 F.2d 237, 240 (4th Cir. 1985) (same). An agency's decision not to prosecute, however, does not constitute adjudication on the merits for purposes of res judicata. *Thomas*, 380 F.2d at 77–78 ("[A] refusal of the National Labor Relations Board to issue a complaint does not constitute an adjudication for purposes of applying the doctrine of res judicata in a subsequent court action[.]"); *see also United Food & Commercial Workers, Local 400 v. Marval Poultry Co.*, 708 F. Supp. 761, 765 (W.D. Va. 1989) ("Of course, the court recognizes that

a refusal by NLRB to issue a Complaint does not constitute an adjudication for the purposes of applying the doctrine of res judicata.") (citing *Thomas*, 380 F.2d at 78).

In its Motion to Dismiss, Defendant argues that Plaintiff's claim must be dismissed on grounds of res judicata, because a claim concerning Defendant's failure to arbitrate was raised and decided before the NLRB. Def.'s Mot. at 6–7. However, the NLRB simply declined to issue an unfair labor practices complaint, and accordingly dismissed Plaintiff's charge. *See* ECF No. 20-6. NLRB's decision not to issue a complaint is not an adjudication of the disputed facts in the case after a full opportunity for the parties to litigate. *Thomas*, 380 F.2d at 77–78. Therefore, res judicata does not bar Plaintiff from bringing this suit.

## **Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint due to a plaintiff's "failure to state a claim upon which relief can be granted." Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Notably, although a complaint "does not need detailed factual allegations," Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss pursuant to Rule 12(b)(6), plaintiffs' '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept the material facts alleged in the complaint as true, though statements of legal conclusions are not afforded the same assumption of truth. *Iqbal*, 556 U.S. at 678; *Aziz*, 658 F.3d at 391. Further, a dismissal may not be based merely on "a judge's disbelief of a complaint's factual allegations." *McLean v. United*

*States*, 566 F.3d 391, 399 (4th Cir. 2009). Under Maryland law, a complaint alleging breach of contract must allege "facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant." *Decohen v. Capital One, N.A.*, 703 F.3d 216, 227 (4th Cir. 2012) (quoting *RRC Northeast, LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 440 (2010)) (internal quotation marks omitted).

Defendant argues that Plaintiff failed to allege that it satisfied the requisite timeline under their CBA, which requires the parties to select an arbitrator within five days of the Joint Conference Committee's decision on a grievance. Def.'s Mot. at 6. Defendant then alleges that because Plaintiff failed to invoke arbitration within the prescribed timeframe, it cannot show that Defendant had a contractual obligation to proceed to arbitration, and therefore it cannot state a claim for breach of contract under Maryland law. *Id.*

In response, Plaintiff argues that there is a presumption of arbitrability, that the Court should only decide whether the parties are bound by the arbitration clause in question, and that any procedural defenses raised by Defendant should be decided by the arbitrator. ECF No. 21 at 3–5. The parties do not contest that they are governed and bound by the CBA and the arbitration clause within it, or that there is a time limitation provision within the arbitration clause.

Here the Court is limited to considering issues of arbitrability, or issues "determin[ing] whether the underlying controversy will proceed to arbitration on the merits." *Del Webb Communities, Inc. v. Carlson*, 817 F.3d 867, 874 (4th Cir. 2016) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (internal quotation marks omitted). These include "questions regarding the existence of a legally binding and valid arbitration agreement, as well as questions regarding the scope of a concededly binding arbitration agreement." *Id.* (quoting *Rent-A-Center, W., Inc., v. Jackson*, 561 U.S. 63, 78 (2010) (Stevens, J. dissenting)) (internal quotation marks omitted).

5

Such arbitrability issues are not disputed here. Rather, Defendant raises a procedural defense, alleging that Plaintiff was not compliant with the terms of the CBA that govern arbitration because Plaintiff's demand for arbitration was untimely. Def.'s Mot. at 6.

*Howsam v. Dean Witter Reynolds, Inc.*, 237 U.S. 79 (2002) is clear and controlling. In that case, the parties were subject to an arbitration agreement that contained a six-year time limitation. *Howsam*, 237 U.S. at 82. The defendant asked the Court to declare that the dispute was "ineligible for arbitration" because the six-year time period had lapsed. *Id.* The Court observed that "parties to an arbitration contract would normally expect a forum-based decisionmaker to decide forum-specific procedural gateway matters." *Id.* at 85. The Court then held that the arbitrator, not the district court, presumptively should apply the time limit rule, because the time limit rule is not a question of arbitrability. *Id. See also United SteelWorkers of America, AFL-CIO-CLC v. Saint Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417, 418–19 (6th Cir. 2007) (applying *Howsam* to a time-limitation bar found in a CBA between two parties and finding that the arbitrator should resolve the issue).

Nothing in the agreement between the parties rebuts this presumption that the parties intended for an arbitrator to decide the meaning of their agreement, and Defendant provides no further basis for contending that Plaintiff has failed to state a claim for breach of contract. Thus, Plaintiff has adequately stated a claim for breach of contract under Maryland law, namely that Defendant was contractually obligated under the CBA to participate in arbitration and failed to do so. *See Decohen*, 703 F.3d at 227. Whether Plaintiff's demand for arbitration was timely under the CBA is irrelevant to this question. Timeliness is not a question of arbitrability for this Court to consider, but a procedural defense to be resolved by an arbitrator. Accordingly, Defendant's second basis for dismissal also fails.

## **Conclusion**

For the above reasons, the parties' prior proceeding before the NLRB was not an adjudication for the purposes of res judicata, and Plaintiff has adequately stated a claim for breach of contract under Maryland law. Therefore, Defendant's Motion to Dismiss is denied.

## **ORDER**

Accordingly, it is, this 10th day of December, 2019 hereby ORDERED that

1. Defendants' Motion to Dismiss, ECF No. 20, IS DENIED; and

2. Plaintiff is advised that if, in light of this ruling, it intends to file a dispositive motion to compel arbitration, then it must do so in compliance with the Letter Order Regarding the Filing of Motions, ECF No. 13.

/S/
Paul W. Grimm
United States District Judge